**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4002**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

SPENCER TYRONE WEBB, a/k/a Stanley Cooper, a/k/a Corey
Cooper,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Rebecca Beach Smith,
District Judge. (4:10-cr-00014-RBS-DEM-1)

Submitted:  August 25, 2011      Decided:  September 29, 2011

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen A. Hudgins, STEPHEN A. HUDGINS, PC, Poquoson, Virginia,
for Appellant.  Neil H. MacBride, United States Attorney, Scott
W. Putney, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Newport News, Virginia, and Andrew E.
Behrns, Third Year Law Student, COLLEGE OF WILLIAM & MARY,
Williamsburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Spencer Tyrone Webb appeals his convictions following a jury trial and the district court's denial of his motion for a judgment of acquittal. The jury acquitted Webb on eight counts, but convicted him on fourteen counts of robbery, drug, and firearms charges. On appeal, Webb attacks the credibility of the witnesses, questioning whether the evidence was sufficient to support his convictions. Webb also challenges the admission of statements of co-conspirators. We affirm.

We review the district court's denial of a motion for judgment of acquittal de novo. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). We are obligated to sustain a guilty verdict "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted).

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and

resolves any conflicts in the evidence presented." Beidler, 110

F.3d at 1067 (internal quotation marks and citation omitted).

"Reversal for insufficient evidence is reserved for the rare

case where the prosecution's failure is clear." Id. (internal

quotation marks and citation omitted).

With these standards in mind, we have reviewed the

record and conclude that the evidence was sufficient to support

Webb's convictions. We also reject Webb's argument that the

statements of co-conspirators constituted inadmissible hearsay

evidence under Fed. R. Evid. 801(d)(2)(E).

Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the

court and argument would not aid the decisional process.

AFFIRMED